NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROOSEVELT SILLS, RAMONA SILLS, | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | **OPINION** |
| v. | Civil Action No. 06-4567 (DMC) |
| PUBLIC SERVICE ELECTRIC & GAS CO., INC., *et al.*, | |
| Defendants. | |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon motion by Plaintiffs Roosevelt and Ramona Sills to remand this action to New Jersey Superior Court and for attorneys' fees. Oral argument was heard on March 20, 2007. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Plaintiffs' motion to remand is **granted** and the motion for attorneys' fees is **denied**.

**I.     BACKGROUND**

Plaintiff Roosevelt Sills is an elderly African-American male who has been employed by PSE&G since 1979. While working for PSE&G, Plaintiff has worked as a laborer and supervisor. Throughout his employment, Plaintiff has never been a union member and has never been party to a collective bargaining agreement ("CBA") and, therefore cannot pursue any claims pursuant to a CBA.

Plaintiff filed the instant action in the Superior Court of New Jersey, Bergen County, Law Division on July 26, 2006 against PSE&G, certain named employees and other individuals. In his

Complaint, Plaintiff alleges that he endured racial discrimination, harassment and retaliation while employed by Defendant PSE&G over the past twenty years. Specifically, Plaintiff alleges that the individual defendants' conduct created a hostile work environment and that PSE&G did not respond to Plaintiff's complaints. Additionally, Plaintiff alleges that he was the victim of a "mock lynching" by his co-workers and that Defendants did not take proper corrective and investigative actions. Plaintiffs seek relief under the following state causes of action: discrimination in violation New Jersey Laws Against Discrimination (NJLAD), N.J.S.A. 10:5-1 et seq.;  violation of the Conscientious Employee Protection Act (CEPA), 34:19-1 et seq.; intentional infliction of emotional distress; negligent hiring, retention and supervision of employees; attempted wrongful or constructive discharge; intentional or prima facie tort; and invasion of privacy rights, including false light.

In the notice of removal, PSE&G Defendants allege that removal to this Court is proper because Plaintiffs' state law claims are "inextricably intertwined" with PSE&G's oblations under the CBA. Defendants contend that this Court has federal question jurisdiction and that some of Plaintiffs' claims are preempted by Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185.

## II.   PRELIMINARY PROCEDURAL ISSUE

On November 30, 2006, Plaintiffs submitted a Supplemental Memorandum and Certification Re: Unbriefed Issue of Unanimity. In the supplemental memorandum, Plaintiffs argued that three additional defendants, namely Robinson, Larmer, and Piantadosi, did not consent to the removal action or join in support of the notice of removal. Pursuant to the rule of unanimity, Plaintiff argues that this case should be remanded to state court. See Balazik v. County of Dauphin, 44 F.3d 209,

213 (3d Cir. 1995) (holding that removal requires unanimity among defendants).

However, as noted by Defendant, the unanimity rule should not be grounds for granting Plaintiffs' Motion to Remand because this argument is untimely. Specifically, the absence of consent for removal is a "procedural defect" which must be raised within 30 days after the filing of the notice of removal. See id.; see also Int'l Bus. Solutions v. Sail Labs Tech., AG, 440 F. Supp. 2d 357, 362 (D.N.J. 2006). In this case, Plaintiffs first raised the unanimity rule as a ground for remand on December 4, 2006, more than 70 days after the filing of the Notice of Removal on September 22, 2006. Plaintiffs cannot claim that they were not aware that the remaining defendants did not consent to removal because their absence of consent is apparent on the face of the Notice.

Additionally, the PSE&G Defendants argue that the unanimity rule should not be grounds for granting Plaintiffs' Motion to Remand because the claims upon which removal is based are independent from the claims against the non-consenting defendants. Removal based upon 28 U.S.C. § 1441(c) does not require the consent to removal of co-defendants who are not defendants on the removable claims. See Knowles v. AM. Tempering Inc., 629 F. Supp. 832, 835 (E.D. Pa. 1985) (citing Lemke v. St. Margaret Hosp., 552 F. Supp. 833, 841 n. 11 (N.D. Ill. 1982);14A C. Wright, A. Miller & E. Copper, Federal Practice and Procedure, § 3731, at 507-08 n. 9 (2d ed. 1985)). It should be noted that the Third Circuit has yet to rule on the independent claim exception to the unanimous consent rule even though other district and circuit courts have recognized the exception. See Bernstein v. Lind-Waldock & Co., 738 F.2d 179, 183 (7th Cir. 1984); Greenwood v. Delphia Auto., 197 F.R.D. 597, 599 n. 2 (S.D. Ohio 2000) (citing Klein v. Manor Healthcare Corp., 119 WL 91786, *9 n. 8 (6th Cir. Mar. 22, 1994)); Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n, 513 F. Supp. 1062, 1066 (C.D. Ill. 1981).

Here, the PSE&G Defendants contend that the claims against them are "separate and independent" from the claims against the non-consenting defendants, Larmer, Piantadosi and Robinson. Specifically, PSE&G contends that the claims against them are based on conduct that occurred after Larmer and Piantadosi's termination; whereas, the claims against Larmer and Piantadosi are based on conduct that occurred prior to their termination. The claim against Robinson is that he testified falsely, a claim that is unrelated in both fact and law to the claims against the PSE&G defendants.

### III.   DISCUSSION

#### A.   Standard for Removal

This Court's jurisdiction over Plaintiffs' claims depends upon whether the alleged state law causes of action are preempted by federal law. Removal to federal court is proper where the federal court would have original jurisdiction as a "federal question" case, including cases where a state law claim is preempted by federal law. Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). For example, in Metropolitan Life, removal was proper because the plaintiffs' state law claims were pre-empted by ERISA and thus, the plaintiffs' claims were "necessarily federal in character by virtue of the clearly manifested intent of Congress." Id. at 67.

Defendants bear the burden of showing that removal is proper. The Court is obligated to "strictly construe the removal statutes against removal and resolve any doubts in favor of remand." Entrekin v. Fisher Scientific, Inc., 146 F. Supp. 2d 594, 604 (D.N.J. 2001) (internal citations omitted).

**B.     "Well-Pleaded Complaint Rule" & The Complete Preemption Exception**

Pursuant to the "well-pleaded complaint rule," federal jurisdiction only exists when a federal question is presented on the face of a properly pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). One exception to this rule exists in instances where Congress has so completely preempted an area that "any civil complaint raising this select group of claims is necessarily federal in character." Metro. Life Ins. Co., 481 U.S. at 63-64. Pursuant to this exception, when there is complete preemption, a district court has removal jurisdiction despite the fact that the well-pleaded complaint rule is not satisfied. Joyce v. RJR Nabisco Holding Corp., 126 F.3d 166, 17 (3d Cir. 1997).

On more than one occasion the Supreme Court has considered the application of the complete preemption exception to claims allegedly implicating CBAs. The Court has concluded that the resolution of a state law anti-discrimination claim is pre-empted by 301 of the LMRA "only if such application requires the interpretation of a collective-bargaining agreement." Lingle v. Norge Div. of Magic Chef, 486 U.S. 399, 413 (1988). However, "not every dispute . . . tangentially involving a provision of a collective-bargaining agreement, is pre-empted by" federal law. Id. n.12 (quoting Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 211 (1985)). Rather, a district court is vested with jurisdiction over state law claims if the resolution of those claims "depends upon the *meaning* of a collective-bargaining agreement." Lingle, 486 U.S. at 405-06 (citing Teamsters v. Lucas Flour Co., 369 U.S. 95 (1962)) (emphasis added). Additionally, the Third Circuit has found that federal jurisdiction exists when the defendant's defense relies on interpretation of a collective bargaining agreement. See Capraro v. United Parcel Serv. Co., 993 F.2d 328, 332 (3d Cir. 1993) (citing Consol.

Rail Corp. v. Railway Labor Executives' Ass'n, 491 U.S. 299, 307 (1989)); see also Espinosa v. Cont'l Airlines, 80 F. Supp. 2d 297, 304 (D.N.J. 2000); In re Prudential Ins. Co. of Am. Sales Practices Litig., 924 F. Supp. 627, 644 (D.N.J. 1996), rev'd. on other grounds, 133 F.3d 225 (3d Cir.), cert. denied, 525 U.S. 817 (1998).

### IV.   ANALYSIS

In this case, the PSE&G Defendants contend that removal was appropriate because (1) the Complaint alleges violation of the CBA; (2) their defenses require interpretation of the collective bargaining agreement; and (3) Plaintiffs seek a remedy that requires interpretation of the CBA.

### A.   References to CBA Contained in the Complaint Do Not Require Interpretation of the CBA

Plaintiffs' Complaint directly and indirectly references the CBA in paragraphs ¶¶ 9, 10, 12. The references to the CBA all pertain to the grievance proceedings flowing from the July 29, 2004 mock lynching. Plaintiffs contend that these facts were included in the Complaint in order to show Defendants' intent to retaliate against Plaintiff and also to show that Defendant Cistaro "infected and interfered in the proceedings by offering Defendant Piantadosi a deal in return for his cooperation." Pl. Reply Br. at 6. Notably, the PSE&G Defendants fail to explain how interpretation of the CBA is necessary for their defenses or what provisions of the CBA could be used to defend against these allegations. While the Complaint clearly references the CBA, it is not apparent that the resolution of any of Plaintiffs' claims or Defendant's defenses require *interpretation* of the CBA. Thus, the fact that the Complaint references the CBA is not grounds for finding that complete preemption exception is applicable in this case.

### B.  Claims Are Not Inextricably Intertwined With Terms of CBA

The PSE&G Defendants contend that resolution of Plaintiffs' NJLAD, CEPA and intentional infliction of emotional distress claims requires interpretation of the CBA.  With regard to Plaintiffs' NJLAD and CEPA claims, Defendants argue that Plaintiffs must establish that the reasons articulated by PSE&G for their actions are pretexual and that the true reasons are discrimination and/or retaliation.  Defs. Opp'n Br. at 8 n. 6 (citing Jamison v. Rockaway Tp. Bd. of Educ., 242 N.J. Super. 436 (App Div. 1990); Reyes v. McDonald Pontiac GMC Truck, Inc., 997 F. Supp. 614 (D.N.J. 1998); Fleming v. Corr. Healthcare Solutions, Inc., 164 N.J. 90 (2000); Blackburn v. United Parcel Serv., Inc., 179 F.3d 81, 92 (3d Cir. 1999) (all for the proposition that LAD and CEPA claims require a showing that the proferred reason was pretextual)).  Defendants argue that the complete preemption exception applies because, in defense, Defendants "will maintain that these alleged acts of discrimination and/or retaliation were, in fact, actions taken without discriminatory or retaliatory intent but were taken pursuant to their obligations under the CBA."  Id. at 7.  Specifically, the PSE&G Defendants contend that they could not unilaterally transfer Piantadosi and Larmer without implicating the CBA.  Id. at 8 (citing Pezzulo Cert. at ¶¶ 4-6 (stating that transfer could not occur without the mutual consent of both the company and the Union)).  The CBA provides, in relevant part that

> [w]hen making a promotion, demotion, transfer or other change of status of any employee within the bargaining units, the Company will confer, in advance with representatives of the Union.  Unless the parties, agree, then any change of status shall be temporary pending final settlement through the grievance procedure established by this Agreement.

Article IV(g); Defs. Ex. A, p. 13-14.  The PSE&G Defendants fail to explain why interpretation of

this provision is essential to their defenses. Even if this provision is relevant to the pretext issue, it is unclear how interpretation of this provision is necessary to evaluate Defendants' alleged discriminatory intent. Further, Plaintiffs contend that the focus of this case is not on the transfer of Larmer and Piantadosi, but rather, the transfer of Plaintiff to Jersey City, New Jersey which does not implicate the CBA whatsoever because Plaintiff Sills was not a union member.

With regard to the intentional infliction of emotional distress claim, the PSE&G Defendants argue that the alleged "outrageous" nature of a defendant's conduct must be viewed in light of the terms of the CBA. Defs. Reply Br. at 9 (citing Oberkramer v. IBEW-NECA Serv. Ctr., Inc., 151 F.3d 752, 757 (8th Cir. 1998); Fry v. Airline Pilots Ass'n, Int'l, 88 F.3d 831, 836-37 (10th Cir. 1996); Carter v. Ford Motor Co, 121 F.3d 1146, 1149 (8th Cir. 1997); Perugini v. Safeway Stores, Inc., 935 F.2d 1083 (9th Cir. 1991)). Here, the PSE&G Defendants argue that their defense will require interpretation of the CBA to establish that they did not intentionally inflict emotional distress on Plaintiffs. Not only do the PSE&G Defendants fail to cite to any cases from this Circuit to support this argument, but also it is not apparent why Defendants' defense should rely on any interpretation of the CBA. Further, Defendants fail to point to any provision of the CBA that will bolster their defense, much less require this Court's interpretation.

      **C.**     **Remedy Sought Does Not Require Interpretation And Examination Of The CBA**

Defendants contend that Plaintiffs' requested relief must be issued in accordance with the CBA. Here, Plaintiffs ask for *inter alia* the "immediate transfer, loss of back pay, and demotion of Defendants Larmer, Piantadosi pending appellate review of mediator action and ruling." Compl. at 37. The PSE&G Defendants cite no law stating that the Court must interpret and comply with the

CBA in issuing Plaintiffs' requested relief. Further, Defendants fail to explain why the Court will be required to interpret the CBA in granting or denying Plaintiffs' requested damages.

Similar to Patterson v. Exxon Mobile Corp., Plaintiff does not seek relief pursuant to the CBA, to which he is not a party, but rather, pursuant to state law. 262 F. Supp. 2d 453, 462 (D.N.J. 2003) (remanding on grounds that CEPA claim does not require substantial interpretation of CBA). Even though Plaintiff references the CBA in his Complaint, it is not apparent that this Court will have to do anything more than reference the relevant provisions of the CBA. It is not apparent that any interpretation or examination of the CBA is necessary. Accordingly, Plaintiffs' claims that reference the CBA are not preempted by the LMRA.

## V.  ATTORNEYS' FEES AND EXPENSES

Plaintiffs seek the attorneys' fees and costs associated with this remand motion in the amount of $4,427.50, arguing that they "should not have to bear the burden of the defendants' improvident act of removing this matter to federal court in the first place where removal could not occur." Pls. Br. at 5-6 (citing Reynolds v. TCM Sweeping, Inc., 340 F. Supp. 2d 541, 549 (D.N.J. 2004)). This Court has discretion to award attorneys' fees on remand motions pursuant to 28 U.S.C. § 1447(c); however, such discretion is to be exercised "where the complaint clearly does not state a claim removable to federal court or where minimal research would have revealed the impropriety of removal." Newton v. Tavani, 962 F. Supp. 45, 48 (D.N.J. 1997) (internal citations omitted). Where there is a colorable claim for removal, an award of fees should not be granted. See id.; Roxbury Condo. Ass'n, Inc, v. Anthony S. Cupo Agency, 316 F.3d 224, 228 (3d Cir. 2003). In this case, the Court finds that Plaintiffs' request for attorneys' fees is denied.

**VI.   CONCLUSION**

In sum, Plaintiffs claims do not arise under a federal statute and do not raise any federal questions. Plaintiffs' claims are not inextricably intertwined with a CBA and are not pre-empted by the LMRA.

For the reasons stated, it is the finding of this Court that Plaintiffs' motion to remand is **granted** and the motion for attorneys' fees **denied**. An appropriate Order accompanies this Opinion.

 s/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:      April   3  , 2007
Orig.:     Clerk
cc:        Counsel of Record
           The Honorable Mark Falk, U.S.M.J.
           File